981 F.2d 1203
 79 Ed. Law Rep. 787
 Robert Lee COLLINS, Plaintiff-Appellee,
v.
The SCHOOL BOARD OF DADE COUNTY, FLORIDA, Defendant,
Dr. Leonard Britton, Dr. Patrick Gray, Ethel Beckham, Paul
L. Cejas, Robert Renick, William H. Turner, Janet
R. McAliley, Frank Allan Howard, Jr.,
Defendants-Appellants.
 No. 91-5926.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 26, 1993.
 
 Phyllis O. Douglas, Miami, FL, for appellants.
 Michael D. Ray, and Neil D. Kolner, Miami, FL, for appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 Before FAY and EDMONDSON, Circuit Judges, and HILL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Teacher Robert Collins worked for the School Board of Dade County, Florida. In November 1983, some horseplay in one of his classes escalated into an altercation in which he bit a student. The School Board, following the recommendation of Superintendent Leonard Britton, suspended Collins for 10 days in January 1984.
 
 
 2
 On January 23, 1984, Collins requested an administrative hearing to review his suspension. Eight days later, the School Board forwarded Collins' request to the Florida Division Of Administrative Hearings ("DOAH").[1] The DOAH's hearing officer scheduled the case for July 18, 1984. On July 11, 1984, Collins requested and received a continuance, delaying the hearing until November 2, 1984. On July 3, 1985, the hearing officer recommended that Collins' suspension be reversed and that he receive back pay, and the School Board followed this recommendation at its August 1985 meeting.
 
 
 3
 In 1989, Collins brought a 42 U.S.C. § 1983 action against five School Board members, Britton and other School Board officials, charging them with depriving him of his right to due process because of the lengthy postsuspension proceedings. Defendants asserted qualified immunity in their individual capacities, but the district judge expressly reserved ruling on this defense "pending the trial in this action." Defendants appeal, contending that the district court should have granted them summary judgment.
 
 Reserved Ruling Is Immediately Appealable
 
 4
 Defendants are entitled to immediate appeal when a district court denies their motion for summary judgment based on qualified immunity. Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985); Bennett v. Parker, 898 F.2d 1530, 1532 (11th Cir.1990). Qualified immunity is "an immunity from suit rather than a mere defense to liability." Mitchell, 472 U.S. at 526, 105 S.Ct. at 2815.
 
 
 5
 The district court's order declining to rule on the qualified immunity issue pending trial effectively denies defendants the right not to stand trial. Because the "reserved ruling" is not materially different from an outright denial of a summary judgment motion, an immediate appeal on the qualified immunity issue is permissible.
 
 
 6
 That Collins has other claims pending against the School Board officials does not affect this determination.[2] "In a practical sense, refusing to hear appeals such as this one would effectively abolish qualified immunity for [these] defendants, clearly frustrating both Mitchell and Harlow [v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) ] by forcing government officials to litigate claims from which they are immune simply because other claims will proceed to trial regardless.... Nothing in Mitchell and Harlow says that a defendant has a right to qualified immunity only if the plaintiff does not assert other claims from which the defendant has no immunity." Green v. Brantley, 941 F.2d 1146, 1150-51 (11th Cir.1991).
 
 
 7
 Qualified Immunity For Postsuspension Proceedings
 
 
 8
 In Mitchell, 472 U.S. at 528, 105 S.Ct. at 2817 (1985), the Supreme Court wrote that
 
 
 9
 [a]n appellate court reviewing the denial of the defendant's claims of immunity need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim. All it need determine is a question of law: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged action ...
 
 
 10
 Collins claims that the 19 months from the time of his request for an administrative hearing to the resolution of his case clearly violated his due process right to prompt postsuspension proceedings. In Cleveland Bd. of Education v. Loudermill, 470 U.S. 532, 547, 105 S.Ct. 1487, 1496, 84 L.Ed.2d 494 (1985), the Supreme Court did note that, "[a]t some point, a delay in the post-termination hearing would become a constitutional violation."[3] A 9-month adjudication process, however, was not found unconstitutionally lengthy per se. Id. And the Court observed that, absent evidence of unreasonable prolongation by defendants, the fact of a long hearing process may suggest only that the process was thorough. Id. Most important for qualified immunity purposes, Loudermill established no bright line test for when a delay would become a constitutional violation.[4] See generally Barts v. Joyner, 865 F.2d 1187, 1194 (11th Cir.1989) ("Harlow's 'clearly established' standard requires that a bright line be crossed" if defense of qualified immunity is to be overcome).
 
 
 11
 No controlling decision involved facts materially similar to the ones that are undisputed by Collins in this case; so, the law did not clearly proscribe defendants' acts when they acted.[5] The delays caused by defendants here were far less substantial than those at issue in Loudermill. The School Board referred the Collins matter to the DOAH within eight days of his request for a hearing. And once the DOAH's officer made her recommendation, the Board compensated Collins in a little over a month. For 17 of the 19 months in question, the course of the proceedings was outside the control of the Dade County School Board officials.[6] That Collins caused much of the delay with his request for a continuance from an earlier hearing date is also important.[7]
 
 
 12
 Although the hearing ultimately exonerated Collins, this fact entitles Collins to no retroactive relief against Dade County school officials for failing to exonerate him faster. At the time defendants acted by referring the Collins matter to the appropriate state agency and then by waiting for the ordinary process to conclude, they violated no clearly established law. Because the reserved ruling is immediately appealable and defendants are qualified for immunity on the postsuspension due process issue, we REVERSE the denial of summary judgment on qualified immunity and REMAND for further proceedings.
 
 
 
 [1]
 Under School Board rules, defendants exercised no control over the hearing process from the time the hearing request was forwarded to the DOAH until the time of the hearing officer's recommended order. Florida Statutes § 120.57(1) governed the hearing process
 
 
 [2]
 Collins also sued defendants in their official capacities and charged them with violating Florida state laws
 
 
 [3]
 The Supreme Court first recognized a due process right to a "prompt postsuspension hearing" in Barry v. Barchi, 443 U.S. 55, 66, 99 S.Ct. 2642, 2650, 61 L.Ed.2d 365 (1979), but did not define the contours of this right
 
 
 [4]
 At oral argument, Collins' lawyer also cited the older case of Thurston v. Dekle, 531 F.2d 1264 (5th Cir.1976), in support of the claimed due process violation. Dekle discussed due process in the pretermination context and, therefore, cannot clearly establish the law in the postsuspension context
 
 
 [5]
 We do not mean to hint that now defendants' acts would be unlawful. We do not consider that question
 
 
 [6]
 Even if the DOAH hearing officer were viewed as an agent of the Dade County School Board, defendants would not be subject to vicarious liability under § 1983. See Hutton v. Strickland, 919 F.2d 1531, 1540 n. 14 (11th Cir.1990) (unless personally involved, sheriff had no § 1983 liability for acts of subordinates). In this case, Collins does not claim that any of the defendants were personally controlling the DOAH hearing process
 
 
 [7]
 We reject the suggestion that Collins was so plainly innocent of conduct that would justify a suspension that defendants clearly violated his constitutional rights by referring his case to the DOAH in the first place. And because Collins does not contend that the DOAH process is unconstitutionally slow and cumbersome in general, there could be nothing clearly unconstitutional about defendants' decision to defer to the DOAH