[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10824
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cv-00434-WFJ-SPF


MAT S. BAYSA,

Plaintiff-Appellee,

versus

CHARLES REDINGER,
Pinellas County Deputy,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 25, 2021)

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Charles Redinger appeals the denial of his motion for summary judgment, which sought dismissal of a 42 U.S.C. § 1983 claim brought against him by Mat Baysa for his alleged use of excessive force during an arrest. On appeal, Redinger argues that he is entitled to qualified immunity from Baysa's lawsuit because his actions did not violate clearly established law. He also argues that the district court erred by failing to reach the merits of his qualified-immunity defense. Because we agree that the district court did not adequately address the issue of qualified immunity, we will remand for further consideration of Redinger's motion.[1]

This is second time that this case has come before us. In a previous appeal, we held that the district court erred in awarding summary judgment to Redinger because it improperly disregarded certain testimony supporting Baysa's account of the arrest. *Baysa v. Gualtieri*, 786 F. App'x 941, 946 (11th Cir. 2019). We therefore remanded with instructions for the district court to reconsider its summary-judgment ruling after viewing Baysa's evidence "through the proper lens." *Id.* In doing so, however, we explained that the testimony at issue, "once fully considered, [still] may not be enough to avoid summary judgment in the

---

[1] As a threshold matter, we have jurisdiction to hear this appeal. Under the collateral-order doctrine, an order denying qualified immunity is considered a "final decision" appealable under 28 U.S.C. § 1291, so long as the appellant raises an issue of law and does not merely challenge the district court's factual findings. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Hall v. Flournoy*, 975 F.3d 1269, 1276 (11th Cir. 2020). We also have jurisdiction where a district court declines to address a defendant's qualified-immunity arguments. *Collins v. Sch. Bd. of Dade Cty., Fla.*, 981 F.2d 1203, 1205 (11th Cir. 1993).

defendants' favor." *Id.* And we declined to express any opinion as to "whether, if [Redinger] did violate one of Baysa's constitutional rights, that right was clearly established at the time of the misconduct. *Id.* at 947 n.2. Instead, we "le[ft] it to the district court to determine these issues in the first instance. *Id.*

On remand, the district court issued a new order that disposed of Redinger's motion for summary judgment in a single paragraph, which read as follows:

> "The Court denies Redinger's renewed motion for summary judgment on Count II []. [Baysa]'s deposition here conflicts materially and severely with his sworn criminal trial testimony. Plaintiff's drunken rant on the taped 911 calls shows an angry, somewhat paranoid, intoxicated person. The Eleventh Circuit has held these are matters for trial-based assessment. [Baysa]'s deposition testimony suffices to establish a contested fact issue as to whether the force used by Redinger at [Baysa]'s lawful arrest was unconstitutionally excessive."

The order did not set out the legal standards governing qualified immunity, did not discuss Redinger's immunity arguments, and did not engage in any substantial analysis of whether Redinger's actions violated clearly established constitutional rights.

Although Redinger asks us to reach the merits of his qualified-immunity defense, we decline to do so because the district court failed to address this important issue in the first instance. We have "admonished district courts that their orders should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review." *Danley v. Allen*, 480 F.3d 1090, 1091 (11th Cir. 2007). Thus, we have vacated a

one-sentence order denying qualified immunity on the grounds that, "[w]hile this Court certainly could review the record and applicable case law and render a reasoned decision on the qualified immunity issue, this is the responsibility of the district court in the first instance." *Id.* at 1092.

Here, the district court's order does not supply any reasoned explanation for its conclusion that "Plaintiff's deposition testimony suffices to establish a contested fact issue as to whether the force used by Redinger at Plaintiff's lawful arrest was unconstitutionally excessive." And that is especially troubling because our previous opinion in this case explicitly left open whether Baysa's testimony, even when fully credited, is sufficient to foreclose qualified immunity. *Baysa*, 786 F. App'x at 946. For these reasons, we vacate the ruling below and remand with instructions for the district court to enter a new order that "detail[s] the legal analysis used . . . to reach its conclusions regarding the [motion for summary judgment]." Danley, 480 F.3d at 1092.

**VACATED AND REMANDED.**