[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14466
Non-Argument Calendar

_____

D. C. Docket No. 06-00680-CV-CV-IPJ

KEVIN DANLEY,

Plaintiff-Appellee,

versus

RUBY ALLEN, et al.,

Defendants,

JACKIE RIKARD,
RONNIE WILLIS,
RUBY ALLYN,

Defendants-Appellants.

_____

06-14808
Non-Argument Calendar

_____

D.C. Docket No. 06-00680-CV-3-IPJ

KEVIN DANLEY,

                                        Plaintiff-Appellee,

            versus

STEVE WOODS,

                                        Defendant-Appellant.

_____

06-15580
Non-Argument Calendar
_____

D.C. Docket No. 06-00680-CV-IPJ

KEVIN DANLEY,

                                        Plaintiff-Appellee,

            versus

JEFF WOOD,

                                        Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

**(March 8, 2007)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

In this 42 U.S.C. § 1983 case, the district court summarily denied defendant-appellants' motions to dismiss plaintiff-appellee Kevin Danley's second amended complaint. Danley contends that he was subjected to excessive force and then denied medical treatment when, as a pretrial detainee, detention officers sprayed him with pepper spray. The defendant-appellants contend that they are entitled to qualified immunity from Danley's claims. The district court entered one-sentence orders denying each of the various motions to dismiss. The district court's one-sentence orders perfunctorily stated that the district court had considered the motions and was "of the opinion defendants' motions are due to be denied." The orders are devoid of any facts and any legal analysis.

Many times, and in many contexts, this Court has admonished district courts that their orders should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review. See Clay v. Equifax, Inc., 762 F.2d 952, 957-58 (11th Cir. 1985) (collecting cases in which the Supreme Court and this Court's predecessor Court "urged the district court to state the reason for its decision and the underlying predicate"); see also Serra Chevrolet, Inc. v. General Motors Corp., 446 F.3d 1137, 1151 (11th Cir.

3

2006) (in imposing sanctions, district court must clearly state its reasons so that meaningful review may be had on appeal); In re Ford Motor Co., 345 F.3d 1315, 1317 (11th Cir. 2003) (granting petition for writ of mandamus where district court "provided no substantive explanation" for its discovery ruling); Broadwater v. United States, 292 F.3d 1302, 1303 (11th Cir. 2002) (in view of size of record and number of allegations, summary denial of 28 U.S.C. § 2255 motion was inappropriate).

In this case, we conclude that the district court's one-sentence summary denials of defendant-appellants' motions to dismiss wholly fail to provide this Court with an opportunity to conduct meaningful appellate review. While this Court certainly could review the record and applicable case law and render a reasoned decision on the qualified immunity issue, this is the responsibility of the district court in the first instance. Accordingly, we vacate the district court's orders denying the defendant-appellants' motions to dismiss and remand the case to the district court to consider the case in full and to enter reasoned orders which discuss the facts alleged in the second amended complaint and detail the legal analysis used by the district court to reach its conclusions regarding the motions to dismiss.

**VACATED AND REMANDED.**

4