[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 03, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11849
Non-Argument Calendar

_____

Agency No. A97-896-850

NOHEMY CANO-MUNOZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 3, 2007)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Petitioner Nohemy Cano-Munoz, through counsel, seeks review of the

Board of Immigration Appeal's ("BIA") decision to adopt and affirm the Immigration Judge's ("IJ") removal order and denial of her applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c).

The IJ denied Cano-Munoz's application for asylum and withholding of removal because she found that Cano-Munoz's claims were not credible. Cano-Munoz argues that (1) the IJ failed to create a record that provides for meaningful appellate review because the IJ's decision did not provide a rational explanation and is devoid of any reasoning, and (2) the IJ violated her right to due process by acting in an unprofessional and biased manner. The Attorney General responds that Cano-Munoz abandoned any challenge to the credibility finding because she did not raise the issue in her initial brief, and this court does not have jurisdiction to hear the due process claim because she failed to exhaust her claim with the BIA.

*Meaningful Appellate Review*

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257

2

F.3d 1262, 1284 (11th Cir. 2001). Here, because the BIA expressly adopted the IJ's decision, we will review the IJ's decision.

We remand when an order does not contain a sufficient explanation of the ruling. *See Danley v. Allen*, 480 F.3d 1090, 1091-92 (11th Cir. 2007) (remanding to a district court because one sentence summary denials precluded meaningful appellate review) (42 U.S.C. § 1983 case). To establish asylum eligibility, the alien must, with specific and credible evidence (1) establish past persecution on account of a statutorily listed factor, or (2) establish a "well-founded fear" of future persecution on account of a statutorily listed factor. 8 C.F.R. § 208.13(a), (b); *Forgue v. U.S. Att'y. Gen.*, 401 F.3d 1282, 1286-87 (11th Cir. 2005); *Al Najjar*, 257 F.3d at 1287. Issues not briefed on appeal are deemed abandoned. *Access Now, Inc. v. SW. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

The IJ stated that the reason for denying Cano-Munoz's claims was that the claims were not credible. Moreover, the IJ stated her reasons for deciding that the claims were not credible. Thus, the record is sufficient to conduct a meaningful appellate review. Because Cano-Munoz did not challenge the adverse credibility finding, we deem the issue abandoned. Accordingly, we deny the petition on this issue.

***Jurisdiction to Consider the Due Process Claim***

3

"We review subject matter jurisdiction *de novo*." *See Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003). We lack jurisdiction to consider claims raised in a petition for review unless the petitioner exhausted her administrative remedies with respect to those claims. *See* 8 U.S.C. § 1252(d)(1); *Sundar v. I.N.S.*, 328 F.3d 1320, 1323 (11th Cir. 2003). In order to exhaust all administrative remedies, an alien must raise her claims before the BIA. *Sundar*, 328 F.3d at 1323. Exhaustion is required when the alleged due process violation is the denial of a full and fair hearing before a neutral fact finder. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006). This court liberally reads briefs filed *pro se*. *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997) (allowing a *pro se* petitioner to adopt a board member's dissent as his appellate argument).

After a thorough and liberal reading of Cano-Munoz's *pro se* brief on appeal to the BIA, we conclude that she only claimed that the IJ did not consider the complete record, and not that she was denied due process because the IJ was biased and acted disrespectfully. Because Cano-Munoz did not make a claim of bias on the part of the IJ in her appeal to the BIA, the claim has not been exhausted. Thus, we lack jurisdiction to consider her due process claim. Accordingly, we dismiss her due process claim.

**PETITION DENIED IN PART, AND DISMISSED IN PART.**