[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14868
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2012
JOHN LEY
CLERK

D. C. Docket No. 2:08-cv-00002-SLB


DORIS RUFFINO, as personal representative
of the estate of Anthony Ruffino,

                                                    Plaintiff-Appellee,

versus

CITY OF HOOVER, ALABAMA,
RODERICK GLOVER, Sgt; in his Official
capacity as an agent for the City of Hoover and
the Hoover Police Department,

                                                    Defendants-Appellants,

HOOVER POLICE DEPARTMENT,

                                                    Defendant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 24, 2012)

Before EDMONDSON and WILSON, Circuit Judges, and VINSON,[*] District Judge.

PER CURIAM:

This case involves the alleged violation of Plaintiff's federal and state rights and the applicability of federal qualified immunity and state-law immunity to the acts of a state officer making an arrest.[1]

Briefly stated, Plaintiff -- pursuant to 42 U.S.C. § 1983 -- contends that Defendant Glover subjected him to unlawful seizure, excessive force, and malicious prosecution, all in violation of Plaintiff's federal rights. Plaintiff also contends Defendant violated different Alabama state laws. Defendant says he is entitled to federal qualified immunity and to state law-based immunity.

Providing no explanation of its reasoning, the district court summarily denied part of Defendant's summary judgment motion, granted part of Defendant's summary judgment motion, and granted partial summary judgment in favor of

_____

[*]Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

[1]The original Plaintiff -- Anthony Ruffino -- is now deceased. We granted a motion to substitute Doris Ruffino as personal representative of the estate of Anthony Ruffino. In this opinion, "Plaintiff" refers to Anthony Ruffino.

Plaintiff. We disapprove of such unexplained orders, particularly orders denying immunity.

On many occasions, we have instructed district courts "that their orders should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review." Danley v. Allen, 480 F.3d 1090, 1091 (11th Cir. 2007) (per curiam).

We could of course strain to review the record and applicable case law and adjudicate this appeal without a detailed order from the district court. But that course would be difficult and time consuming for the appellate court. We need a chart. A reasoned district court order fully and adequately explaining the facts before, and the thinking of, the district court would help us and benefit the parties and the process.

Especially in the light of our supervisory powers, we vacate the district court's summary judgment order and remand the case to the district court to enter a different order that provides full insight into the details of the district court's findings and conclusions.

VACATED and REMANDED.