[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11746
_____

D.C. Docket No. 5:10-cv-00568-WTH-TBS

VIVIAN JACKSON,
Personal Representative of the Estate
of Darius Johnell James,

                                                                    Plaintiff - Appellee,

versus

SHERIFF,
Marion County, Florida, et.al.,

                                                                    Defendants,

PRESTON WEST,
RONALD BURNETTE,
STANLEY ROSS,
MARK MCEWAN,
MICHAEL FORTE,
JOSEPH LAVERTUE,
DONALD THORSBERG,
in their individual capacities,

                                                                    Defendants - Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 8, 2013)

Before PRYOR, JORDAN and KLEINFELD,[*] Circuit Judges.

PER CURIAM:

The district court summarily denied the motions for summary judgment filed by several correctional officers against the complaint of Vivian Jackson, as the personal representative of the estate of Darius Johnell James, that the officers had been deliberately indifferent to the risk that James would commit suicide. The officers argued to the district court that they are entitled to qualified immunity. In its order, the district court stated that, "[u]pon due consideration," the motions for summary judgment were denied "due to the presence of disputed issues of material fact." The order provided no analysis of facts or law. Seven of the correctional officers, Preston West, Ronald Burnett, Stanley Ross, Mark McEwan, Michael Forte, Joseph Lavertue, and Donald Thorsberg, appealed.

We have explained before that "orders should contain sufficient explanations of their rulings . . . to provide this Court with an opportunity to engage in meaningful appellate review." Danley v. Allen, 480 F.3d 1090, 1091 (11th Cir.

_____

[*] Honorable Andrew J. Kleinfeld, United States Circuit Judge for the Ninth Circuit, sitting by designation.

2

2007). The summary denial of the officers' motions to dismiss "wholly fail[s] to provide this Court with an opportunity to conduct meaningful appellate review." Id. at 1092. Review of the record and application of the law on an issue of qualified immunity is the responsibility of the district court in the first instance, and given the number of defendants and their different roles as correctional officers, we cannot conduct meaningful appellate review. Id. We **VACATE** the order that denied the motions for a summary judgment in favor of West, Burnett, Ross, McEwan, Forte, Lavertue, and Thosberg, and **REMAND** this matter to the district court for that court to enter a reasoned order that addresses whether these seven officers are entitled to a summary judgment based on review of the relevant facts and applicable law.