[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15430
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-00128-JRH-WLB

DAVID DWAYNE CASSADY,

Plaintiff-Appellant,

versus

WARDEN,
SCOTT WILKES, Deputy Warden,
VERNEAL S. EVANS, Captain,

Defendants-Appellees,

STEVEN SCOTT, Lieutenant, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 21, 2013)

Before TJOFLAT, PRYOR and COX, Circuit Judges.

PER CURIAM:

David Dwayne Cassady appeals the district court's entry of judgment in favor of Warden Victor Walker, Deputy Warden Scott Wilkes, and Captain Verneal Evans (collectively, the Defendants).  After careful review, we affirm in part, vacate in part, and remand.

I.

Cassady, a former inmate at the Augusta State Medical Prison, sued the Defendants under 42 U.S.C. § 1983, alleging that the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.  Cassady alleged that the Defendants acted with deliberate indifference by allowing him to be exposed to unsafe levels of environmental tobacco smoke that had an adverse effect on his "present and future health needs."  (Dkt. 13 at ¶ 40.)  Specifically, Cassady alleged that while he was incarcerated, over "92% of the inmates" in his cell block smoked, and he was subjected to high levels of environmental tobacco smoke.  (*Id.* at ¶ 24.)  As a result of the exposure, Cassady has had "multiple asthma attacks" and his "respiratory condition continues to deteriorate."  (*Id.* at ¶¶ 34–35.)  Cassady also alleged in his complaint that "there is no level of [environmental tobacco smoke] that is risk-free," exposure to tobacco smoke is known to cause severe cardiac and respiratory ailments, and the Defendants knew

2

of this risk and still allowed Cassady to be exposed to tobacco smoke.  (*Id.* at ¶¶ 38, 40.)

The Defendants moved for summary judgment.  The district court denied the motion and ordered that "[t]he case shall proceed to trial only on Plaintiff's Eighth Amendment claims against [the Defendants] for acting with deliberate indifference in exposing him to levels of environmental tobacco smoke that posed an unreasonable risk of serious damage to his *future health*."  (Dkt. 49 (emphasis added).)[1]

Before trial, the Defendants objected to portions of Cassady's proposed exhibits, which included references that Cassady's doctors had told him to stay away from tobacco smoke, on the grounds that such evidence is inadmissible hearsay.  The district court agreed and excluded the doctors' orders from evidence.

The case proceeded to trial, and after Cassady rested his case, the Defendants moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a).  The court granted judgment in their favor, concluding that Cassady had failed to present evidence that Defendants' actions caused a risk to his future health.  Cassady appeals.

---

[1] The district court granted summary judgment in favor of two other defendants.  (Dkt. 49.)  Cassady does not challenge that ruling on appeal.

3

II.

Cassady raises three issues on appeal: (A) whether the district court erred in limiting the trial to Cassady's future-health claim, (B) whether the district court erred in granting judgment as a matter of law in favor of the Defendants, and (C) whether the district court erroneously excluded the doctors' orders from evidence.

A.

With regards to a prisoner's medical condition, a prison official can violate the Eighth Amendment in two ways: (1) by being deliberately indifferent to a prisoner's existing serious medical needs, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976); or (2) by being deliberately indifferent to conditions posing a substantial risk of future harm, *Helling v. McKinney*, 509 U.S. 25, 113 S. Ct. 2475 (1993). *See Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995) ("[A] prison official violates the Eighth Amendment by being deliberately indifferent *either* to a prisoner's *existing* serious medical needs *or* to conditions posing a substantial risk of *future* harm."). Cassady alleges both types of Eighth Amendment violations in his complaint. (*See* Dkt. 13 at ¶ 40 (alleging that the Defendants "were recklessly indifferent to Plaintiff's present and future health needs").)

The district court, in its order addressing the Defendants' motion for summary judgment, limited the trial to Cassady's future-health claim—that the

4

Defendants were deliberately indifferent "in exposing him to levels of environmental tobacco smoke that posed an unreasonable risk of serious damage to his *future health*." (Dkt. 49 (emphasis added).) In the order, the court says it is adopting the magistrate judge's report and recommendation. (*Id.*) But the magistrate judge never recommended that the district court should grant summary judgment in favor of the Defendants on Cassady's present-health claim.

A district court may "accept, reject, or modify, in whole or in part" the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). Presumably that is what happened here—the court rejected the magistrate judge's recommendation to deny the Defendants' motion for summary judgment in its entirety and instead granted summary judgment in favor of the Defendants on the present-health claim that the Defendants were deliberately indifferent to his health during the time he was incarcerated at the Augusta State Medical Prison.

However, when a district court fails to sufficiently explain its rulings, we will remand the case. *Danley v. Allen*, 480 F.3d 1090, 1091–92 (11th Cir. 2007). Except for the court's order, the only other mention of the present-health claim in the record occurs during the pretrial conference. At the conference, Cassady said that he was asserting both a present-health claim and a future-health claim. (Dkt. 102 at 34.) The district court responded by saying that it limited the trial to the

5

future-health claim and that it "believe[d] that that is, in fact, the correct statement of the issue of this trial." (*Id.* at 35–36.) The order and the court's comments at the pretrial conference "fail to provide this Court with an opportunity to conduct meaningful appellate review." *Danley*, 480 F.3d at 1092. We therefore vacate the order that effectively grants summary judgment in favor of the Defendants on Cassady's present-health claim, and we remand the matter to the district court to enter a reasoned order addressing whether the Defendants are entitled to summary judgment on the present-health claim.[2]

## B.

After Cassady rested his case, the Defendants moved for judgment as a matter of law. After hearing argument, the district court granted judgment in favor of the Defendants, concluding that Cassady "has not provided any medical evidence to establish the causal connection between his [environmental tobacco smoke] exposure and his alleged injuries." (Dkt. 101 85.) Cassady challenges on this appeal the court's grant of judgment in favor of the Defendants. The parties

---

[2] We reject the Defendants' argument that Cassady's failure to object to the magistrate judge's report and recommendation waived his right to raise this issue on appeal. There was nothing for Cassady to object to in the magistrate judge's report and recommendation, which recommended that the Defendants' motion for summary judgment be denied.

agree that we review de novo the district court's decision to grant a judgment as a matter of law.

Cassady argues that the district court improperly granted judgment as a matter of law because he presented evidence which would support the inference that the Defendants caused a risk of harm to his future health. Cassady does not dispute that he was required to prove causation.

With a future-health claim, a plaintiff must prove that the "prison officials have, with deliberate indifference, exposed him to levels of [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his future health." *Kelley v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005) (quoting *Helling*, 509 U.S. at 35, 113 S. Ct. at 2481). The plaintiff "must show that he himself is being exposed to unreasonably high levels of [environmental tobacco smoke]." *Id.* This requires "a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [environmental tobacco smoke]." *Id.* (quoting *Helling*, 509 U.S. at 36, 113 S. Ct. at 2482).

After review, we agree with the district court—Cassady failed to present sufficient evidence from which a jury could conclude that the Defendants, in allowing him to be exposed to environmental tobacco smoke, caused a substantial

7

risk of harm to his future health.  Cassady did not present any medical evidence that established his particular level of exposure to tobacco smoke or his risk of harm to his future health based on that level of exposure.  He presented no scientific or statistical evidence that his exposure to tobacco smoke will likely cause a risk of harm to his future health.  *Cf. Larson v. Kempker*, 414 F.3d 936, 940 (8th Cir. 2005) (concluding that a prisoner did not put forth sufficient evidence because he "did not present any . . . reliable basis to estimate the levels of [environmental tobacco smoke] to which he is exposed or scientific evidence concerning how those levels of [smoke] would affect his future health").[3]

## C.

Cassady contends that the district court erroneously excluded evidence of his doctors' orders.[4]  "We review evidentiary rulings made by the district court for

---

[3] Cassady argues that the district erroneously required him to present evidence of a physical injury.  However, because Cassady failed to present this argument to the district court, we deem it forfeited.  *See Higginbottom v. Carter*, 223 F.3d 1259, 1260 (11th Cir. 2000) (noting that we do not consider arguments raised for the first time on appeal).  Even if the argument was properly before us, the district court granted judgment in favor of the Defendants because Cassady failed to prove causation, not because Cassady failed to prove that he has a physical injury.  Cassady also argues that the district court erred by dismissing his entire case and that the case should have continued on his requests for declaratory and injunctive relief.  But Cassady did not ask for declaratory relief in his complaint, (*see* dkt. 13) and the district court dismissed his claim for injunctive relief as moot, (dkt. 24.)

[4] Cassady does not point us to what doctors' orders he sought to introduce into evidence.  After our review of the record, we assume that Cassady is referring to several letters that he wrote to the Defendants, which were admitted at trial in redacted form.  The redacted parts

abuse of discretion and will reverse the district court's decision only in cases where substantial prejudice exists." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1259 (11th Cir. 2004).

If we were to assume that the district court erred in excluding the doctors' orders, the error would not warrant reversal because no substantial prejudice exists. As we said, the district court did not err in granting judgment as a matter of law in favor of the Defendants because Cassady failed to prove that the Defendants caused a risk of likely harm to his future health. Evidence that Cassady's doctors told him to stay away from smoke does not satisfy the causation element of his future-health claim.

### III.

Accordingly, we affirm the court's grant of judgment as a matter of law in favor of the Defendants on Cassady's future-health claim. We vacate the district court's order that effectively grants summary judgment in favor of the Defendants on Cassady's present-health claim. We remand for proceedings consistent with this opinion.

AFFIRMED IN PART, VACATED IN PART AND REMANDED.

---

include references that Cassady's doctors told him to stay away from smoke and that he needed a smoke-free environment.