[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13955
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-80931-DTKH


LENNON ANDERSON,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION,

Defendant,

JILL S. CREECH,
in her individual capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 22, 2014)

Before CARNES, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Lennon Anderson, proceeding pro se, appeals the denial of his motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).  Anderson filed his Rule 59(e) motion after the district court granted summary judgment to Jill Creech, his former employer and the Director of the Southeast District of the Florida Department of Environmental Protection, on his claims of racial discrimination under 42 U.S.C § 1981, 42 U.S.C § 1983, and the Fourteenth Amendment.[1]

I.

We review the denial of a Rule 59(e) motion only for abuse of discretion. See Solutia, Inc. v. McWane, Inc., 672 F.3d 1230, 1238 (11th Cir. 2012).

Anderson makes three arguments.  First, he contends that the district court abused its discretion in denying his Rule 59(e) motion by ignoring manifest errors of law and fact in its original order granting summary judgment.  "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact."  Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation marks and alterations omitted).  As a result, a district court does not abuse its discretion when denying a Rule 59(e) motion made merely "to relitigate

---

[1] Anderson also challenged the district court's underlying order granting summary judgment, but because his notice of appeal was untimely with respect to that order, we dismissed that part of his appeal.  See Anderson v. Creech, No. 13-13955 (11th Cir. Nov. 12, 2013).

old matters" or "raise argument[s] or present evidence that could have been raised prior to the entry of judgment."  Id.; see also Mincey v. Head, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000).

Anderson's Rule 59(e) motion did not, despite his statements to the contrary, show that the district court made errors of law or fact in its initial order granting summary judgment.  The motion instead attempted to rehash old matters and raise new issues that could and should have been raised before summary judgment was granted.  For that reason, we reject Anderson's argument that the district court abused its discretion in denying his motion.

Second, Anderson contends that the district court abused its discretion by not adequately explaining its rationale for denying his Rule 59(e) motion. Generally, district courts should provide "explanations of their rulings so as to provide [us] with an opportunity to engage in meaningful appellate review." Danley v. Allen, 480 F.3d 1090, 1091 (11th Cir. 2007).  But the Federal Rules of Civil Procedure do not require courts to state findings of fact or conclusions of law when ruling on Rule 59(e) motions.  See Fed. R. Civ. P. 52(a)(3).  And in a case such as this one, where the Rule 59(e) motion bordered on being frivolous, we cannot say that the district court abused its discretion by denying it without explanation.

3

Third, Anderson asserts that the manner in which the district court denied his Rule 59(e) motion violated Canons 1 and 3 of the Code of Conduct for United States Judges.  The record shows that Anderson's accusations of unethical conduct by the district court are utterly baseless.[2]  Contrary to what he asserts, the fact that the district court rejected his arguments and decided this case against him does not mean that the court was unfair, partial, or anything less than diligent.  Cf. United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004) ("Adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt.") (quotation marks and brackets omitted).  And the record reveals no impropriety on the district court's part.

Because the district court did not abuse its discretion in denying Anderson's Rule 59(e) motion, we affirm its judgment.

**AFFIRMED.**[3]

---

[2] Because Anderson's assertions of unethical conduct lack any foundation, we need not decide whether an appeal is the proper procedural vehicle for making these assertions.

[3] Anderson's motion to compel defendant Creech to file a motion to correct her brief is DENIED.