[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10997
Non-Argument Calendar

_____

D.C. Docket Nos. 4:12-cv-00468-WS-CAS; 4:11-bk-04029-KKS

SIMPLER SOLAR SYSTEMS, INC.,

Debtor.

_____

SIMPLER SOLAR SYSTEMS, INC.,

Plaintiff - Appellee,

versus

RENITTA KNIGHT CONSTRUCTION LLC,

Defendant -
Counter Claimant,

RENITTA KNIGHT,
agent of Renitta Lundy,

Defendant -
Counter Claimant -
Appellant,

SPERRY & ASSOCIATES, INC.,

                                                        Defendant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 30, 2015)

Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Renitta Knight, proceeding *pro se*, appeals following the district court's grant of summary judgment to Simpler Solar on its breach of contract claim. Knight argues (1) the district court erred by granting summary judgment in favor of Simpler Solar and (2) the district court erred in a prior order that allowed Knight's frozen assets to be placed in the court's registry.

Before addressing the merits of Knight's first argument, we must determine whether Knight has standing to appeal the district court's grant of summary judgment on Simpler Solar's breach of contract claim. We conclude the record is insufficient to provide meaningful appellate review on whether Knight has standing to contest the judgment. *Danley v. Allen*, 480 F.3d 1090, 1091-92 (11th Cir. 2007) (vacating and remanding with instructions for the district court to enter a fuller order, explaining district court "orders should contain sufficient

2

explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review"). An individual must have standing to appeal a judgment. *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353 (11th Cir. 2003). "Generally, one not a party lacks standing to appeal an order in that action." *Id.* (citation and quotation omitted). Moreover, even a named defendant may lack standing to appeal rulings that do not affect her interests. *Id.*

The record is ambiguous as to whether Knight was a defendant following Simpler Solar's third amended complaint and, if so, whether the district court intended its December 3, 2013, judgment to render both Renitta Knight Construction, LLC (RKC) and Knight individually liable. Although the style of Simpler Solar's third amended complaint listed Knight as a defendant in her individual capacity, the body of the complaint only listed RKC as a defendant and asked for relief only from RKC. Moreover, the district court's judgment in favor of Simpler Solar for $57,287.08 did not specify who was liable for that amount. Even if the court intended Knight to be liable, the contracts at the heart of the dispute were between Simpler Solar and RKC, not Simpler Solar and Knight, and the district court did not explain its rationale for holding Knight liable as a non-party to the contract. These omissions preclude this Court from engaging in meaningful review to determine whether, and how, Knight's interests were affected by the grant of summary judgment. We therefore vacate the grant of

3

summary judgment to Simpler Solar and return so that the district court can make

make additional findings of fact and conclusions of law consistent with the

foregoing.

With regard to the second issue, we conclude Knight's appeal from the order

allowing her frozen assets to be placed in the court's registry is moot.  "A case is

moot when the issues presented are no longer 'live' or the parties lack a legally

cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36

(11th Cir. 2011).  The preliminary injunction freezing Knight's assets has since

been "vacated as to all accounts" upon remand to the bankruptcy court, and the

funds were remitted to the accounts they came from.  Therefore, Knight's second

argument is moot.[1]  *United States v. Al-Arian*, 514 F.3d 1185, 1189 (11th Cir.

2008) ("The fundamental question with respect to mootness is whether events have

occurred subsequent to the filing of an appeal that deprive the court of the ability to

give the appellant meaningful relief.") (quotations, alterations, and ellipses

omitted)).

**VACATED** and **REMANDED** in part and **DISMISSED** as moot in part.

---

[1] To the extent Knight argues the issue is not moot because her husband, Douglas Lundy, is still being harmed by the preliminary injunction, Knight cannot appeal to protect the rights of others.  *Knight v. Alabama*, 14 F.3d 1534, 1555 (11th Cir. 2004) (explaining "the general rule that a party may not appeal to protect the rights of others") (quotation omitted)).  To the extent Knight attempts to bring a claim under the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3402, 3403, Knight "cannot assert for the first time on appeal a new claim not presented to the district court." *Glenn v. U.S. Postal Serv.*, 939 F.2d 1516, 1523 (11th Cir. 1991).