[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10370
Non-Argument Calendar

_____

D.C. Docket No. 9:13-cv-80517-WJZ-1


ROSWITHA ANN SAVOIE,

Plaintiff-Appellee,

versus

RIC BRADSHAW, SHERIFF,
JEROME GOLDEN CENTER, et al,

Defendants-Appellants.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 17, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Roswitha Savoie appeals the dismissal of her suit on her own behalf against various defendants in the Palm Beach Sheriff's Office and the Jerome Golden Center for violations of her constitutional rights.[1]

The district court dismissed Savoie's case after she sought to proceed in forma pauperis on behalf of her minor son. The magistrate judge, having previously granted Savoie's motion to proceed in forma pauperis on her own behalf, had recommended that her motion on behalf of her son be denied. However, the district court, stating that it was approving, adopting, and ratifying the Report and Recommendation, denied the motion to proceed in forma pauperis on behalf of her son and also dismissed the entire case. The court did not explain its decision; and the Report and Recommendation had not addressed the merits of Savoie's claims on her own behalf. In fact, as mentioned earlier, the magistrate judge had granted Savoie's motion to proceed in forma pauperis on her own behalf.

A district court is free to "accept, reject, or modify, in whole or in part" the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). In other words, the court is not bound to the decision of the magistrate judge. But when a district court fails to sufficiently explain its rulings, we will remand the

---

[1] Savoie had also filed related claims on behalf of her minor son, Savoie-Elston. Her appeal of the district court's order dismissing the claims on behalf of her son was dismissed by order of this Court dated August 5, 2014.

case. <u>Danley v. Allen</u>, 480 F.3d 1090, 1091–92 (11th Cir. 2007).  Here, there is no explanation of the dismissal, which deprives this court of the ability to review.  And, because the magistrate judge had previously granted in forma pauperis status to Savoie on her own, deeming the amendments she made to her complaint satisfactory, the decision to dismiss needs explanation.  Therefore, we vacate the district court's decision dismissing this case and remand to the district court for further proceedings.

VACATED and REMANDED.