[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11890
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-80931-DTKH


LENNON ANDERSON,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF
ENVIRONMENTAL PROTECTION,
JILL S. CREECH,
in her individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 7, 2015)

Before CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Lennon Anderson, proceeding pro se, sued his supervisor and his employer for firing him because of his race.  The district court granted summary judgment to the defendants on the ground that Anderson failed to make a prima facie case of employment discrimination.  Anderson then filed a borderline frivolous motion to alter or amend the judgment, which the district court properly denied.  See Anderson v. Fla. Dep't of Envtl. Prot., 567 F. App'x 679, 680 (11th Cir. 2014).  He now moves, under Federal Rule of Civil Procedure 60(d)(3), for relief from the district court's judgment, arguing that it was the product of fraud on the court.  This latest motion — which is based on a conclusory assertion that the defendants' case rested on perjury and fabricated evidence — is also without merit.  In any event, perjury and fabricated evidence do not constitute fraud on the court because they can and should be exposed at trial.  Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir. 1985).  Fraud on the court is "limited to more egregious forms of subversion of the legal process, . . . those we cannot necessarily expect to be exposed to by the normal adversary process."  Id. (quoting Great Coastal Express v. Bhd. of Teamsters, 675 F.2d 1349, 1356 (4th Cir. 1982)).  Because the fraud Anderson alleges does not rise to the level of "fraud on the court," the district court was correct to deny his Rule 60(d)(3) motion.

**AFFIRMED.**

2