[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15884
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-23945-FAM

STUART MARVIN REIS,

                                                            Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 3, 2017)

Before JULIE CARNES, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Stuart Melvin Reis appeals the district court's orders (1) dismissing his complaint seeking review of the Social Security Administration's denial of disability insurance benefits and (2) denying Plaintiff's motion for rehearing or for reconsideration, pursuant to Fed. R. Civ. P. 59(e) and 60(b).  Reversible error has been shown; we vacate the dismissal and remand for further proceedings.

On 21 October 2015, Plaintiff filed this civil complaint in district court. Under the version of Fed. R. Civ. P. 4(m) then in effect, Plaintiff had 120 days -- or until 18 February 2016 -- to serve defendants.  See Fed. R. Civ. P. 4(m) (2014).

On 23 February 2016, the magistrate judge issued a report and recommendation ("R&R"), recommending that Plaintiff's complaint be dismissed without prejudice -- pursuant to Rule 4(m) -- for failure to effectuate timely service of process.  On 31 March 2016, the district court adopted the R&R and dismissed Plaintiff's complaint without prejudice.

Thereafter, Plaintiff filed a motion for rehearing or for reconsideration under Rules 59(e) and 60(b).  Plaintiff also sought an extension of the time for service of process.  In pertinent part, Plaintiff explained that the failure to serve defendants properly was due to an oversight by his lawyer.  Plaintiff also argued that -- even absent good cause -- an extension was warranted because he would be time-barred

2

from refiling his complaint under the applicable statute of limitations.  The district court denied Plaintiff's motion.

"[W]e review for abuse of discretion a court's dismissal without prejudice of a plaintiff's complaint for failure to timely serve a defendant under Rule 4(m)." Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1280 (11th Cir. 2007).  We review the denial of a motion for relief from judgment under Rule 60(b) under an abuse-of-discretion standard.  Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 849 n.2 (11th Cir. 1996).

Under Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (2014).  If, however, "plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Id.

Plaintiff does not dispute that he failed to serve timely the United States Attorney.  In addition, although Plaintiff served the Commissioner of the Social Security Administration and the United States Attorney General within the 120-day time limit, that Plaintiff failed to file timely proof of service with the district court is undisputed.

Plaintiff has failed to show good cause for his failure to effect proper service. "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey, 476 F.3d at 1281 (quotations omitted). Plaintiff's contention that the failure to serve defendants was a result of an "oversight" by his lawyer is insufficient: a lawyer's negligence constitutes no "good cause" for purposes of Rule 4. See id.

Even absent a showing of good cause, however, district courts have discretion to extend the time for service of process. Id.; Horenkamp v. Van Winkle & Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005). We have said that, where no good cause is shown, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey, 476 F.3d at 1282. For example, an extension of time "may be justified . . . if the applicable statute of limitations would bar the refiled action . . . ." Id. (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments). "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Id. (emphasis added) (explaining that the district court's dismissal without prejudice "was premature, as it did not clearly

4

consider, after finding that the plaintiffs failed to demonstrate good cause, whether a permissive extension of time was warranted under the facts of this case.").

In its order of dismissal, the district court said only that Plaintiff's complaint was dismissed without prejudice for failure "to effectuate service on Defendant by the deadline required by the Federal Rule of Civil Procedure 4(m)." In denying Plaintiff's motion for relief under Rules 59(e) and 60(b), the district court said only that the motion was denied "as the dismissal was without prejudice."

We cannot determine from the district court's orders whether the district court considered "other circumstances" -- including the possibility that Plaintiff would be barred from refiling by the pertinent statute of limitations -- that might warrant an extension of time. It is "incumbent upon the district court to at least consider" the impact of the statute of limitations before dismissing a case without prejudice under Rule 4(m). Id. From the record here, that Plaintiff would be permitted to refile his complaint notwithstanding the running of the statute of limitations is not apparent. Absent additional factual findings or explanation by the district court, we are unable to determine whether the dismissal in this case was proper. See id.; Danley v. Allen, 480 F.3d 1090, 1091 (11th Cir. 2007) (a district court's orders must "contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review.").

Accordingly, we vacate the dismissal and remand the case for further proceedings.

VACATED AND REMANDED.