[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13753

_____

CHANON MILLER,

Plaintiff-Appellee,

*versus*

PALM BEACH COUNTY SHERIFF'S OFFICE, et al.,

Defendants,

JUAN F. RAMIREZ,
STEVEN L. MURRAY,
DANIEL S. FELLOWS,
IRA S. PESKOWITZ,
BRISA LANDA,
NICOLE A. BITNER,

2                    Opinion of the Court                    23-13753

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cv-80907-RLR

_____

Before WILLIAM PRYOR, Chief Judge, and GRANT and LUCK, Circuit
Judges.

WILLIAM PRYOR, Chief Judge:

This appeal requires us to address a district court's failure to adjudicate a defense of qualified immunity raised in a motion to dismiss. After Chanon Miller was arrested for simple battery, she sued Palm Beach County deputy sheriffs for violating her constitutional right to be free from an unreasonable seizure. *See* 42 U.S.C. § 1983. The deputies moved to dismiss Miller's second amended complaint based on qualified immunity. The district court denied the deputies' motion on the ground that the issue was "more appropriately resolved at the summary judgment sta[g]e or later in the proceedings." Because qualified immunity shields defendants from the burdens of litigation, the district court erred by failing to rule on the defense of qualified immunity. We vacate and remand for further proceedings.

## I. BACKGROUND

On January 8, 2022, deputies from the Palm Beach County Sheriff's Office arrested Chanon Miller for simple battery against her ex-fiancé, Eric McGregor. Miller sued the Sheriff's Office for failure to train its deputies and alleged that unnamed deputies had violated her right to be free from unreasonable seizure through false arrest, false imprisonment, and malicious prosecution. *See id.*

After the Sheriff's Office moved to dismiss, the district court denied the motion. In its order, the district court concluded that "the factual allegations are sufficient to state a plausible claim for relief." It acknowledged the Sheriff's Office's arguments that Miller's burden of proof required her to present "evidence of a history or widespread practice of prior similar constitutional abuses" and that "the deputies clearly had probable cause to arrest [Miller] based on the [c]omplaint's allegations." But it concluded that "these arguments present questions of law and fact that are more appropriately resolved at the summary judgment stage or later in the proceedings." And, "[v]iewing [Miller]'s allegations as true, the [c]ourt conclude[d] that [Miller]'s allegations survive a motion to dismiss." The district court also granted leave for Miller to file an amended complaint that named the appropriate defendants.

Miller filed an amended complaint that named Palm Beach County Sheriff Ric Bradshaw in his official capacity and deputies Juan Ramirez, Steven Murray, Daniel Fellows, Ira Peskowitz, Brisa Landa, and Nicole Bitner in their individual capacities. The amended complaint alleged a count against each defendant

separately. The deputies moved to dismiss based on qualified immunity.

In a three-sentence paperless order, the district court denied their motion "for all of the reasons set forth in the [c]ourt's prior order." The district court reasoned that "[a]lthough additional [d]efendants have been added to this case, the core factual allegations are the same and the [c]ourt previously ruled that those factual allegations are sufficient to state a claim for a civil rights violation." It concluded that "[a]lthough the [d]efendants argue that qualified immunity should apply to their alleged actions, as the [c]ourt previously summarized[,] that is 'more appropriately resolved at the summary judgment sta[g]e or later in the proceedings.'"

## II. STANDARD OF REVIEW

We review the denial of a motion to dismiss based on qualified immunity *de novo*. *Paez v. Mulvey*, 915 F.3d 1276, 1284 (11th Cir. 2019).

## III. DISCUSSION

"The doctrine of qualified immunity provides that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1157 (11th Cir. 2010) (citation and internal quotation marks omitted). This doctrine "balances two

23-13753                  Opinion of the Court                      5

important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.* (citation and internal quotation marks omitted). Based on this doctrine, courts must "expeditiously . . . weed out suits" that force public officials, "who rightly claim[] qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

As the Supreme Court has made clear, qualified immunity is "an immunity from suit" that grants officials "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis omitted). That privilege is "effectively lost if a case is erroneously permitted to go to trial." *Id.* Qualified immunity grants officials "a right not to be subjected to litigation beyond the point at which immunity is asserted." *Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017). The Supreme Court and this Court have "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Saucier v. Katz*, 533 U.S. 194, 200 (2001), *rev'd on other grounds, Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (citation and internal quotation marks omitted); *accord Jordan v. Doe*, 38 F.3d 1559, 1565 (11th Cir. 1994); *Pace v. Capobianco*, 283 F.3d 1275, 1284 (11th Cir. 2002); *Townsend*, 601 F.3d at 1157.

When an official asserts qualified immunity, the district court must consider the issue on a claim-by-claim and defendant-

by-defendant basis. *See Alcocer v. Mills*, 906 F.3d 944, 951 (11th Cir. 2018) ("[E]ach defendant is entitled to an independent qualified-immunity analysis as it relates to his or her actions and omissions."). The district court must first decide whether "the defendant was engaged in a discretionary function." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004). If so, "the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity." *Id.* (emphasis omitted). The plaintiff must then establish that "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Id.* District courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." *Townsend*, 601 F.3d at 1158 (citation and internal quotation marks omitted). But before rejecting a defense of qualified immunity, a district court must address each issue with "sufficient explanation[] . . . to provide this Court with an opportunity to in meaningful appellate review." *Danley v. Allen*, 480 F.3d 1090, 1091 (11th Cir. 2007).

We have repeatedly held that a district court errs when it reserves ruling on an official's entitlement to qualified immunity. In *Collins v. School Board of Dade County*, for example, we held that a failure to rule on qualified immunity raised in a motion for summary judgment effectively denied the defendants the right not to stand trial. 981 F.2d 1203, 1205 (11th Cir. 1993). In *Howe v. City of Enterprise*, we likewise held that the district court erred when it reserved its ruling on the officers' entitlement to qualified immunity upon a motion to dismiss. 861 F.3d at 1301–03. And, in *Chesser v.*

*Sparks*, we emphasized that an entitlement to qualified immunity "raised . . . on a motion to dismiss . . . *will* be granted if the complaint fails to allege the violation of a clearly established constitutional right." 248 F.3d 1117, 1121 (11th Cir. 2001) (emphasis added) (citation and internal quotation marks omitted). A district court must adjudicate a defense of qualified immunity at whatever stage it is raised.

The district court erred when it refused to resolve this threshold legal issue. As an immunity from suit, qualified immunity is *not*, as the district court stated, "more appropriately resolved at the summary judgment sta[g]e or later in the proceedings." To the contrary, our precedents mandate its resolution "at the earliest possible stage in litigation." *Jordan*, 38 F.3d at 1565 (citation and internal quotation marks omitted). Even if the paperless order entered here could be construed as concluding that Miller's complaint alleged a constitutional violation, the district court failed to provide "sufficient explanation[]" to allow us to "engage in meaningful appellate review." *Danley*, 480 F.3d at 1091. It failed to conduct the required claim-by-claim and defendant-by-defendant analysis, address whether the deputies acted within their discretionary authority, or decide whether any alleged violation was clearly established. And it erred by reserving its ruling until summary judgment.

## IV. CONCLUSION

We **VACATE** the order denying the deputies' motion to dismiss and **REMAND** with instructions to rule on their entitlement to qualified immunity.