[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-13205

Non-Argument Calendar

_____

LILLIE M. MIDDLEBROOKS,

Plaintiff-Appellant,

*versus*

SERGEANT SCOTT KASMAR,
in his individual capacity, Rome,
Georgia Police Department,
MAJOR CHRIS DEHART,
in his individual capacity, Rome,
Georgia Police Department,
PRIVATE FIRST CLASS CHRIS RIDLING,
in his individual capacity, Rome,
Georgia Police Department,
ASSISTANT CHIEF RODNEY BAILEY,

in his individual capacity,Rome,
Georgia Police Department,
CITY OF ROME, GEORGIA, et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:24-cv-00039-WMR

_____

Before LUCK, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Lillie Middlebrooks, proceeding *pro se*, appeals the district court's order dismissing her amended complaint for failure to state a claim for relief. Middlebrooks argues that the district court erred by basing its order of dismissal on the factual allegations and claims contained in the original complaint and failing to address the additional First Amendment retaliation and equal protection claims she alleged in the amended complaint.

We review a district court's dismissal of a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

24-13205                Opinion of the Court                3

We accept the "factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Id.* (quotation marks omitted). To survive a Rule 12(b)(6) challenge, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted). "A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation marks omitted). We read the "complaint as a whole" in reviewing a ruling on a motion to dismiss. *Aldana v. Del Monte Fresh Produce, N.A.*, Inc., 416 F.3d 1242, 1252 n.11 (11th Cir. 2005).

An amended complaint supersedes an original complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). When a party files an amended complaint, the original complaint is "abandoned," and the prior complaint and its attached exhibits become "a legal nullity." *Id.* (quotation marks omitted).

Additionally, we have the discretion to affirm an order on "any legal ground" but may "decline to do so when appellate review would benefit from reasoned deliberation by the district court." *Palmyra Park Hosp. Inc. v. Phoebe Putney Mem'l Hosp.*, 604 F.3d 1291, 1307 n.14 (11th Cir. 2010); *see also Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 n.4 (11th Cir. 2001); *Danley v. Allen*, 480 F.3d 1090, 1091-92 (11th Cir. 2007).

Finally, briefs filed by *pro se* litigants are construed liberally. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Here, the district court erred by basing its dismissal order on the factual allegations contained in the original complaint instead of the amended complaint and failing to address the First Amendment retaliation and equal protection claims Middlebrooks added in the amended complaint. *Bilal*, 981 F.3d at 911. Although the district court discussed Middlebrooks's Title VI racial discrimination and § 1983 false arrest claims in its order of dismissal, which appeared in both the initial and amended complaints, it erred by not considering the operative, amended complaint "as a whole" and evaluating whether Middlebrooks had sufficiently alleged First Amendment retaliation and equal protection claims. *See Bilal*, 981 F.3d at 911; *Aldana*, 416 F.3d 1242 at n.11; *Hoefling*, 811 F.3d at 1277. Similarly, while the factual allegations contained in both the original and amended complaints were largely consistent, Middlebrooks included additional allegations in the amended complaint related to her First Amendment retaliation claims that the district court was required to consider in determining whether Middlebrooks had stated a claim for relief. *See Bilal*, 981 F.3d at 911; *Aldana*, 416 F.3d 1242 at n.11; *Hoefling*, 811 F.3d at 1277. The district court's citation to the portion of the hearing transcript reflecting Middlebrooks's inability to allege additional facts in an amended complaint in a different lawsuit further supports the conclusion that the district court erroneously based its order of dismissal on the factual allegations and claims included in the original complaint, rather than the amended complaint. Moreover, while this Court has the discretion to affirm the district court's order on any legal ground, we decline the defendants' request to address the merits of their

24-13205                Opinion of the Court                5

dismissal arguments as to the First Amendment retaliation and equal protection claims Middlebrooks alleged in the amended complaint because the district court should consider those arguments in the first instance. *See Palmyra Park Hosp. Inc.*, 604 F.3d at 1307 n.15; *Danley*, 480 F.3d at 1091-92. Accordingly, because the district court erred by failing to address the merits of all the claims it disposed of, we vacate the district court's order of dismissal and remand the case for the district court to specifically reconsider the defendants' motions to dismiss the amended complaint and all the claims Middlebrooks alleged therein. *See Danley*, 480 F.3d at 1092.

**VACATED AND REMANDED.**