[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 19, 2011
JOHN LEY
CLERK

No. 10-11777
Non-Argument Calendar
_____

D. C. Docket No. 1:08-cv-02138-CAM

JOHN WETHERBEE,

                                                          Plaintiff-Appellant,

versus

THE SOUTHERN COMPANY,

                                                               Defendant,

SOUTHERN NUCLEAR OPERATING COMPANY, INC.,

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 19, 2011)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

John Wetherbee ("Wetherbee") appeals the district court's grant of summary judgment in favor of his employer, Southern Nuclear Operating Company ("Southern Nuclear"), on his claim under the Americans with Disabilities Act, 42 U.S.C. § 12112, et seq.[1]  Wetherbee argued before the district court that Southern Nuclear discriminated against him in violation of the ADA by revoking his job offer after learning that he suffers from bipolar disorder.  Wetherbee also argued that Southern Nuclear violated 42 U.S.C. § 12112(d)(3) by misusing the results of medical examinations and inquiries it conducted after offering him a job.  The district court found that Wetherbee failed to establish a prima facie case of discrimination under the ADA but did not address Wetherbee's § 12112(d)(3) claim.  After thorough review, we affirm the district court's grant of summary judgment on Wetherbee's discrimination claim but remand so that the district court can enter an order addressing his § 12112(d)(3) claim.

I.

We review de novo a district court order granting summary judgment, viewing all of the facts in the record in the light most favorable to the non-moving party.  Witter v. Delta Air Lines, Inc., 138 F.3d 1366, 1369 (11th Cir. 1998).  "To

---

[1] Wetherbee also sued The Southern Company, but the district court granted the parties' joint motion to drop The Southern Company as a defendant.  The Southern Company is not a party to this appeal.

2

make a prima facie case of discrimination under the ADA, [the plaintiff] had to show a disability (whether real or perceived), that []he was otherwise qualified to perform the essential functions of the job, and []he was discriminated against based upon the (real or perceived) disability." Williams v. Motorola, Inc., 303 F.3d 1284, 1290 (11th Cir. 2002); see also Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1215 (11th Cir. 2004). The district court found that Wetherbee failed to establish the first and second elements of his discrimination claim.

Wetherbee has waived the argument that he established that Southern Nuclear regarded him as disabled and that he was otherwise qualified for his position. Wetherbee alludes to this argument in a footnote to his initial brief, in which he urges this Court to conduct "a de novo review of the[se] issues using the arguments [Wetherbee] set forth on summary judgment." This Court has rejected the practice of incorporating by reference arguments made to the district court. See Four Seasons Hotels & Resorts, B.V. v. Conscorcio Barr S.A., 377 F.3d 1164, 1167 n.4 (11th Cir. 2004). Federal Rule of Appellate Procedure 28(a)(9) requires that a brief must include "the argument, which must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Furthermore, although Wetherbee briefed these issues in detail in his reply brief, we do not consider arguments

3

raised for the first time in a reply brief.  See Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003).  Wetherbee has failed to timely raise the issue of whether he established a prima facie case of discrimination under the ADA.  We therefore consider that issue abandoned and affirm the district court's grant of summary judgment on Wetherbee's ADA discrimination claim.  Hartsfield v. Lemacks, 50 F.3d 950, 953 (11th Cir. 1995); Marek v. Singletary, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995).

## II.

Wetherbee next argues that a plaintiff alleging a violation of 42 U.S.C. § 12112(d)(3) need not show that he is disabled.  The district court did not address Wetherbee's § 12112(d)(3) claim in its order granting summary judgment in favor of Southern Nuclear.[2]  "[T]his Court has admonished district courts that their orders should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review."  Danley v. Allen, 480 F.3d 1090, 1091 (11th Cir. 2007).  In Danley, this Court remanded

---

[2] Wetherbee's § 12112(d)(3) claim was properly before the district court at summary judgment. Wetherbee properly asserted that claim in the amended complaint attached to his motion for leave to amend, which the district court granted.  See Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) ("A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."); accord United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1361–62 (11th Cir. 2006).  Southern Nuclear sought summary judgment on Wetherbee's § 12112(d)(3) claim "to the extent that the Court finds that a Section 12112(d) claim has been pled in this lawsuit."

when the district court provided a mere one-sentence summary in its denial of a motion to dismiss. Id. at 1092. In this case, the district court neglected to make any mention of Wetherbee's § 12112(d)(3) claim even though it closed Wetherbee's case upon granting summary judgment in favor of Southern Nuclear.

"While this Court certainly could review the record and applicable case law and render a reasoned decision on the [§ 12112(d)(3) claim], this is the responsibility of the district court in the first instance." Id. We remand the case to the district court to enter a reasoned order which addresses Wetherbee's § 12112(d)(3) claim.

AFFIRMED, in part, and REMANDED.