[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10305
_____

D.C. Docket No. 1:08-cv-02138-JOF

JOHN WETHERBEE,

Plaintiff-Appellant,

versus

THE SOUTHERN COMPANY,

Defendant,

SOUTHERN NUCLEAR OPERATING COMPANY, INC.,

Defendant-Appellee.
_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 11, 2014)

Before WILSON, Circuit Judge, and BUCKLEW* and LAZZARA,** District
Judges.

_____

\* Honorable Susan C. Bucklew, United States District Judge for the Middle District of
Florida, sitting by designation.

\*\*Honorable Richard A. Lazzara, United States District Judge for the Middle District of
Florida, sitting by designation.

WILSON, Circuit Judge:

John Wetherbee appeals the district court's grant of Southern Nuclear Operating Company's (Southern Nuclear) motion for summary judgment as to his claim of discrimination based on the misuse of information obtained during a required medical evaluation, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(d)(3)(C).  We previously affirmed in part the district court's grant of summary judgment to Southern Nuclear as to Wetherbee's disability discrimination claim under § 12112(a) of the ADA, but remanded the case in part to allow the district court to enter an order addressing Wetherbee's claim under § 12112(d)(3)(C).  *Wetherbee v. Southern Co.*, 423 F. App'x 933, 934 (11th Cir. 2011) (per curiam).  After review of the parties' briefs, the record on appeal, and with the benefit of oral argument, we affirm.

Wetherbee applied for a systems engineer position with Southern Nuclear at one of its nuclear power plants.  Southern Nuclear extended Wetherbee a job offer contingent on satisfactory completion of a medical evaluation.  During Wetherbee's evaluation, he informed Southern Nuclear that he suffered from bipolar disorder.  His medical records indicated that he took medication to manage the disorder, had not experienced any bipolar episodes in six or seven years, and his previous bipolar episodes had only occurred when doctors attempted to take him off of his medication.  However, Wetherbee had recently attempted to alter his

2

medication regimen and, in spite of his healthcare provider's recommendation, was not being treated by a psychiatrist.  Southern Nuclear's medical team determined that Wetherbee could only be hired if several conditions were met, including compliance with his medication regimen and a restriction from working on "safety-sensitive systems and equipment" for one year while Southern Nuclear verified his compliance with his medication regimen.  Because the systems engineer position required that Wetherbee work on safety-sensitive systems and equipment, Southern Nuclear determined that it could not hire Wetherbee and rescinded his conditional job offer.

On remand, the district court found that the restriction which led Southern Nuclear to rescind Wetherbee's job offer was job-related and consistent with business necessity and that, based on this restriction, Wetherbee could not perform the job with reasonable accommodations.  Accordingly, the district court held that Southern Nuclear was entitled to the ADA's business necessity affirmative defense, *see Allmond v. Akal Sec. Inc.*, 558 F.3d 1312, 1316–17 (11th Cir. 2009) (per curiam), and granted summary judgment in its favor.  On appeal, Wetherbee argues, among other things, that the district court erred in finding that the business necessity affirmative defense applied because the relevant restriction was not consistent with business necessity and there were other reasonable accommodations that could have allowed Wetherbee to perform the job of a

systems engineer.  The only issue we need to address in this appeal, however, is whether a claim brought under 42 U.S.C. § 12112(d)(3)(C) requires a plaintiff to prove he is disabled.  This court has not addressed whether § 12112(d)(3)(C) requires such a showing.

Southern Nuclear asks us to follow the Seventh and Tenth Circuits and hold that under § 12112(d)(3)(C), Wetherbee must prove that he is disabled in order to show that the restrictions imposed upon him violated the ADA.  *See O'Neal v. City of New Albany*, 293 F.3d 998, 1010 n.2 (7th Cir. 2002) ("If the applicant is not disabled, . . . then the applicant cannot recover under § 12112(d)(3)(C)."); *Garrison v. Baker Hughes Oil Field Operations, Inc.*, 287 F.3d 955, 960 n.4 (10th Cir. 2002) ("[T]o recover under subsection 12112(d)(3)(C) a plaintiff must show the employer used collected medical information to discriminate on the basis of a disability.").  Southern Nuclear also points us to 29 C.F.R. § 1630.14, which applies directly to § 12112(d)(3)(C) and states, "if certain criteria are used to screen out an employee or employees *with disabilities* . . . the exclusionary criteria must be job-related and consistent with business necessity." (Emphasis added.) Accordingly, Southern Nuclear argues that in the absence of a disability, there is no discrimination, and Wetherbee's § 12112(d)(3)(C) claim fails.

Wetherbee asks us to hold the exact opposite.  Wetherbee says we should hold that § 12112(d)(3)(C) does not require him to prove that he was disabled in

order to show that Southern Nuclear violated the ADA.  He notes that we have already held that disability status is not an element of §§ 12112(d)(2) and (d)(4)(A) claims.  *See Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1213 (11th Cir. 2010); *Owusu-Ansah v. Coco-Cola Co.*, 715 F.3d 1306, 1310 (11th Cir.), *cert. denied*, 134 S. Ct. 655 (2013).  Accordingly, Wetherbee argues that we should extend the holdings of those cases and hold that disability status is not an element of § 12112(d)(3)(C).

We disagree and instead join the Seventh and Tenth Circuits in holding that an individual seeking relief under § 12112(d)(3)(C) must demonstrate that he is a qualified individual with a disability.  Contrary to Wetherbee's argument, our holdings in *Harrison* and *Owusu-Ansah*—that disability status is not an element of §§ 12112(d)(2) and (d)(4)(A) claims—should not be extended to § 12112(d)(3)(C) claims.  Section 12112(d)(2) prohibits employers from conducting "a medical examination or mak[ing] inquiries of a job applicant as to *whether* such applicant is an individual with a disability."  (Emphasis added).  Section 12112(d)(4) offers current employees the same protection.  By the plain language of these provisions, a violation occurs when *any* applicant or employee is subject to an exam.[1] Accordingly, it simply would not make sense to require, as an element of those claims, a showing that an individual is disabled, because these subsections protect

---

[1] Likewise, under § 12112(d)(3)(B), an *offeree* may have a claim if his information is not kept confidential.  42 U.S.C. § 12112(d)(3)(B).

*all* applicants and *all* employees at certain stages from being subject to a test to determine *whether* or not they are disabled in the first place. *See* §§ 12112(d)(2) and (d)(4)(A).

A violation under § 12112(d)(3)(C), on the other hand, occurs when information is used in violation of some other provision of the ADA. Specifically, § 12112(d)(3)(C) permits medical exams as a condition of employment, so long as "the results of such examination[s] are used in accordance with *this subchapter*." 42 U.S.C. § 12112 (d)(3)(C) (emphasis added). It differs from the sections discussed above because there, the violations are completed when a test is simply administered or confidentiality is violated.

To be successful under § 12112(d)(3)(C), however, Wetherbee needs to show not just that the information was gathered but that the information was not "used in accordance with this subchapter." *Id.* Wetherbee never suggests which provision of the ADA was violated by Southern Nuclear's use of the results of his exam, other than § 12112(a), which prohibits discrimination "on the basis of disability." Thus, whether or not the results of an exam under (d)(3)(C) were used in accordance with the applicable subchapter turns on whether there was discrimination on the basis of disability, and discrimination on the basis of disability cannot occur unless the claimant is disabled. Therefore, Wetherbee could not prevail under § 12112(d)(3)(C) without showing that he is a disabled

6

individual.

Wetherbee, however, admitted at oral argument that he cannot demonstrate that he is an individual with a disability.  While the district court did not specifically address this statutory interpretation issue, "we may affirm its judgment on any ground that finds support in the record." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001) (internal quotation marks omitted).  Accordingly, the district court is affirmed.

**AFFIRMED.**