George **BENTLEY**, Plaintiff,

v.

**MIAMI AIR INTERNATIONAL, INC.,** a Florida corporation, Defendant.

**CASE NO. 16–cv–24607–HUCK/OTAZO-REYES**

United States District Court, S.D. Florida.

Signed 06/30/2017

Jacob Karl Auerbach, Gallup Auerbach, Coral Springs, FL, Dana Mason Gallup, Gallup Auerbach, Hollywood, FL, for Plaintiff.

Harry N. Turk, Harry N. Turk, P.A., Judson Lee Cohen, Weinsten & Cohen, P.A., Miami Lakes, FL, for Defendant.

---

## ORDER

Paul C. Huck, United States District Judge

**THIS CAUSE** came before the Court on the Defendant, Miami Air International, Inc.'s ("Defendant['s]" or "Miami Air['s]") Amended Motion for Summary Judgment ("Motion" [D.E. No. 35] ), filed on May 30, 2017. In the Motion, Miami Air argues that summary judgment is appropriate with regard to all claims asserted in Plaintiff's Complaint and Demand for Jury Trial [D.E. 1], filed on November 3, 2016. Bentley filed a Response in Opposition to Miami Air's Motion on June 12, 2017 (the "Response") [D.E. 47], and Miami Air filed a Reply Memorandum in Support of its Motion on June 22, 2017 (the "Reply") [D.E. 53]. The Court has carefully reviewed the parties' written submissions,[1] the record, and applicable law, and is otherwise fully advised. For the reasons stated below, the Court DENIES the Motion as to Counts I and II of the Complaint.

## I. BACKGROUND [2]

The Plaintiff, George Bentley, is a 64–year old [3] airline pilot for Miami Air. (D.E. 50–1 at 2.) He asserts that he was not selected for an upgrade or promotion to Captain because of his age. (D.E. 1.) Bentley began working for Miami Air in 1991 as a Captain, the chief commander on any flight. (D.E. 50–1 at 3.) Bentley had 10 years of prior experience as a Captain for other employers. (*Id.* at 4.)

In 2008, Bentley took a 23–month medical leave of absence from Miami Air. (*Id.* at 4–5.) When Bentley returned to work in August 2010, he was 58 years old. Miami Air required that he be re-qualified as a

---

1. The Defendant included a Statement of Undisputed Material Facts (the "SUF") in its Motion. The Defendant also attached the Affidavit of John Passwater (D.E. 35–1) and Affidavit of Miguel Martin (D.E. 35–2), each of which had its own exhibits. The Plaintiff filed a Response to the Defendant's Statement of Undisputed Material Facts and Statement of Additional Material Facts (the "SMF") (D.E. 49), and in support filed Excerpts of the Deposition of George Bentley (D.E. 50–1), Excerpts of the Deposition of Brad Youngberg (D.E. 50–2), Excerpts of the Deposition of Steve Jofffrion (D.E. 50–3), Excerpts of the Deposition of Deb Gigliotti (D.E. 50–4), and Excerpts of the Deposition of John Passwater (D.E. 50–5). With its Reply, the Defendant filed additional deposition excerpts from the same five deponents as well as Excerpts of the Deposition of Miguel Martin. (D.E. 54–1; D.E. 54–2; D.E. 54–3; D.E. 54–4; D.E. 54–5; D.E. 54–6.)

2. The Court has set forth the background based upon its review and consideration of the Defendant's SUF, the Plaintiff's SMF, the declarations and deposition transcripts of the various witnesses in this case, and the various attached exhibits. Pursuant to Local Rule 56.1(b) of the United States District Court for the Southern District of Florida, undisputed facts set forth by the movant and supported by evidence in the record are deemed admitted.

3. FAA regulations limit the age that pilots can fly to 65 years old. 14 C.F.R. § 121.

Captain because he had not done any Federal Aviation Administration ("FAA") training or tests during his medical absence. (*Id.* at 9–12.) In late August and early September 2010, Bentley underwent training before performing his proficiency checks to re-qualify as a Captain. (*Id.*) Bentley admits that he failed his proficiency check as a Captain in 2010. (*Id.*)

After his failure, Bentley underwent additional training and then took a check ride as a First Officer rather than risk failing a second Captain-proficiency check. (*Id.* at 19–20) Bentley took the First Officer proficiency check on September 18, 2010, and passed, thereby becoming Miami Air's oldest and most senior First Officer. (*Id.*) The First Officer is second in command of the flight and takes over if something happens to the Captain. (D.E. 50–3 at 5–6.) In November 2013, while a First Officer, Bentley made an error in computing the weight and balance of the fuel necessary for a takeoff resulting in the tail of the aircraft scraping the runway. (SUF at ¶ 5.) Bentley underwent additional training as a result. (*Id.*)

Miami Air selects candidates for Captain from its pool of First Officers. (D.E. 50–4 at 3.) The selection process is done by a Pilot Review Board ("PRB"). (SUF at ¶ 8.) The PRB consists of two management employees, the Chief Pilot and the Chief of Flight Standards, and a union member, the Chairman of the Flight Standards Committee. (*Id.* at ¶ 8.)

From the time that Bentley returned to Miami Air in 2010 until 2013, no upgrades from First Officer to Captain were made at the company. (*Id.* at ¶ 7.) From 2013 to 2016, the PRB met on at least seven occasions to select First Officers for upgrade.[4] (D.E. 43–1.) It was the customary practice for the PRB to begin at the top of the seniority list of First Officers to select candidates for upgrade to Captain. (D.E. 50–3 at 3.) Therefore, it was unnecessary for any First Officer to make it known that he or she was interested in upgrading. (*Id.*) Bentley was the most senior and oldest First Officer at Miami Air from 2013 to 2016. (D.E. 43–1.) Although he received one vote (out of three) for selection on at least two occasions, Bentley was not selected for upgrade at any of the meetings. (*Id.*; D.E. 50–2 at 2, 6, 9.) During this time period, the PRB selected 22 individuals for upgrade to Captain. (D.E. 43–1.)

Bentley filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 29, 2016. (D.E. 1–1.) On August 11, 2016, the EEOC issued a Notice of Right to Sue. (D.E. 1–2.) Bentley filed a Complaint on November 3, 2016, asserting claims under the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA"). (D.E. for age discrimination. (D.E. 1.) On May 30, 2017, Miami Air moved for summary judgment.

## II. LEGAL STANDARD

Summary judgment shall be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a), (c). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably

---

4. After selection, the Captaincy candidates must pass medical and proficiency exams in order to become Captains.

drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997), and "must resolve all reasonable doubts about the facts in favor of the non-movant," *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir. 1990). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Burgos v. Chertoff*, 274 Fed.Appx. 839, 841 (11th Cir. 2008) (quoting *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (internal quotation marks omitted)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Channa Imps., Inc. v. Hybur, Ltd.*, No. 07-21516-CIV, 2008 WL 2914977, at *2 (S.D. Fla. July 25, 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The movant's initial burden on a motion for summary judgment "consists of a responsibility to inform the court of the basis for its motion and to identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (alterations and internal quotation marks omitted)). "[T]he plain language of Rule 56 mandates the entry of summary judgment against a party who

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (quoting *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548 (alterations and quotation marks omitted)).

## III. ANALYSIS

In Counts I and II, Plaintiff alleges that Miami Air denied him promotion to Captain because of his age in violation of the ADEA and FCRA.[5] The ADEA makes it unlawful for an employer to discriminate against an employee who is at least forty years of age on the basis of his age. 29 U.S.C. §§ 623(a)(1) & 631(a). To prevail on his age-discrimination claim, Bentley must prove by a preponderance of the evidence that his age was the "but for" cause of Miami Air's denying him promotion. *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1270 (11th Cir. 2014) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009)).

Bentley supports his age discrimination claims with circumstantial evidence. The Court, therefore, must apply the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Bentley bears the initial burden of establishing a prima facie case of discrimination. *Id.* To establish a prima facie case of age discrimination, Bentley must show that he: (1) was a member of a protected group; (2) was subject to an adverse em-

---

**5.** "Federal case law interpreting ... the ADEA applies to cases arising under the FCRA." *Ashkenazi v. South Broward Hosp. Dist.*, 607 Fed.Appx. 958, 960–61 (11th Cir. 2015) (quoting *City of Hollywood v. Hogan*, 986 So.2d 634, 641 (Fla. 4th DCA 2008)). Thus, Bentley's FCRA claims rise or fall with the ADEA claims.

ployment action; (3) was qualified for the position; and (4) was replaced by a younger person. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000). If Bentley can establish his prima facie case, the burden shifts to Miami Air to "articulate a legitimate, non-discriminatory reason for the challenged employment action." *Id.*

If Miami Air proffers at least one legitimate reason for its actions, the burden shifts back to Bentley to show that Miami Air's stated reason is merely a pretext for discrimination. *See id.* To do so, Bentley must "cast sufficient doubt [ ] to permit a reasonable factfinder to conclude that the employer's proffered legitimate reasons were not what actually motivated its conduct ... and demonstrate[ ] such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons [ ] that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (citations omitted). Bentley can "cast sufficient doubt" by presenting " 'a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decision maker.' " *Smith v. Lockheed–Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (quoting *Silverman v. Bd. of Educ.*, 637 F.3d 729 (7th Cir. 2011)).

It is undisputed that: (1) Bentley was a member of a protected group [6] and (2) Miami Air did not select Bentley for promotion to Captain. Miami Air challenges that (3) Bentley was qualified for the position of Captain and that (4) Miami Air selected a substantially younger individual

for promotion rather than Bentley. (Mot. at 7.) Miami Air's challenges are unavailing.

Bentley held the position of Captain for Miami Air for 17 years (SUF at ¶ 1) and for other airlines for an additional 10 years. (D.E. 50–1 at 4.) Additionally, Brad Youngberg, the union representative on the Pilot Review Board ("PRB"), testified that he believed Bentley was qualified for the position of Captain and recommended his selection for promotion. (D.E. 50–2 at 2, 6, 9.) Steve Jofffrion, a member of the PRB, also testified that Bentley had more experience as a Captain than any other pilot that has ever been employed by Miami Air. (D.E. 50–3 at 6.) Bentley was therefore qualified for the position of Captain. *See Damon v. Fleming Supermarkets of Florida*, 196 F.3d 1354, 1360 (11th Cir. 1999) (holding that qualification can be inferred from a long tenure at a certain position).

From 2013 to 2016, the PRB selected Edward Carballosa (age 40), Brian Rhatigan, (age 38), Tom Hall (age 55), Louisa King (age 43), Paul DeLucia (age 54), David Ballou (age 53), Gabriel Cosentino (age 51), Daniel Fruciano (age 45), William Haines (age 40), Kevin McDonald (age 38), Michael Prince (age 48), Paul McDonagh (age 48), Luis Rodriguez (age 44), David Mendoza (age 37), Adrian Fernandez (age 30), Dustin Gerkovich (age 33), Timothy Moore (age 53), Daniel Rangel (age 43), Marcel Morton (age 30) and David Shepherd (age 55) for promotion rather than Bentley. (D.E. 43–1.) At least Rhatigan, Mendoza, Morton, Fernandez, McDonald, and Gerkovich are outside of the protected age group, thereby satisfying the fourth

---

**6.** Bentley was at least 62 years old at the times that he was not selected for promotion.

(SUF at ¶¶ 1, 9.)

element of Bentley's prima facie case of age discrimination.[7] Because Miami Air's challenges to Bentley's prima facie case fail, Bentley has fulfilled the first prong of the *McDonnell–Douglas* test. 411 U.S. at 794, 93 S.Ct. 1817. The burden therefore shifts to Miami Air to provide a legitimate, non-discriminatory reason for its decisions not to select Bentley for promotion. *Id.*

Miami Air—citing two performance issues that occurred between 2010 and 2016—argues that it did not select Bentley for promotion because of "his lack of leadership abilities and his technical skills," (Mot. at 3, 12.)[8] In support, Miami Air points to Bentley's 2010 failed proficiency check and his 2013 aircraft tail scrape. The "leadership qualities" reasoning is more amorphous and largely predicated on hearsay testimony. (*See, e.g.,* D.E. 54-4 at 12–13; D.E. 54-2 at 9.) However, Miami Air's burden for fulfilling the second prong of the *McDonnell–Douglas* test is "exceedingly light." *Perryman v. Johnson Prod. Inc.,* 698 F.2d 1138, 1142 (11th Cir. 1983). Miami Air has therefore fulfilled the second prong of the *McDonnell–Douglas* test by pointing to Bentley's two past performance issues. The burden shifts back to Bentley to establish that Miami Air's prof-

fered non-discriminatory reasons are pretextual. *McDonnell–Douglas,* 411 U.S. at 794, 93 S.Ct. 1817.

In response, Bentley asserts that: (1) Miami Air did not deny promotion to younger First Officers for similar performance issues; (2) members of the PRB did not have knowledge of Bentley's performance when voting against his selection for promotion; (3) Bentley's performance issues were not discussed in the PRB meetings; (4) the PRB discussed Bentley's upcoming retirement and therefore implicitly considered his age; and (5) Youngberg voted for Bentley's selection for promotion. (Resp. at 5–12.)

The record appears to support at least some of Bentley's assertions. Bentley presents evidence of several instances where Miami Air did not deny promotion to younger First Officers for similar performance issues that Miami Air claims were prohibitive of Bentley's selection. David Ballou (age 53 when promoted) failed a proficiency check on October 19, 2007. Despite this, Ballou was selected for upgrade to Captain in September 2014. (D.E. 43-1 at 3; D.E. 48-5 at 1-2.) Gabriel Cosentino (age 51 when selected), who was selected in the

---

**7.** Miami Air argues that, because First Officers selected in September 2014 were 53 and 55 and therefore within the protected age group, Bentley cannot establish his prima facie case. (Mot. at 7.) Because other First Officers were outside of the protected age group, the Court need not address this argument.

**8.** In its Reply, Miami Air gives additional reasons for not selecting Bentley, namely: (1) lack of desire; (2) lack of initiative; (3) "[h]e never got his head in the game"; and (4) personal issues, including a divorce, among others. (Reply at 3.) Miami Air also raises arguments for the first time about affording additional deference to its decisions because of passenger safety questions and regulations

under the FAA. (*Id.* at 5–6, 9.) Bentley has not been afforded an opportunity to respond; therefore, these arguments are not considered for purposes of the Motion. *See Herring v. Sec'y Dep't of Corr.,* 397 F.3d 1338, 1342 (11th Cir. 2005) ("[A]s [the Eleventh Circuit] repeatedly ha[s] admonished, '[a]rguments raised for the first time in a reply brief are not properly before a reviewing court.'") (quoting *United States v. Coy,* 19 F.3d 629, 632 n.7 (11th Cir. 1994)); *see also Wetherbee v. S. Co.,* 423 Fed.Appx. 933, 934 (11th Cir. 2011) ("[A]lthough Wetherbee briefed these issues in detail in his reply brief, we do not consider arguments raised for the first time raised in a reply brief.").

PRB process in May 2015, failed a proficiency check in April 2008. (D.E. 48–6; D.E. 48–7 at 1–2; D.E. 43–1 at 4.) Timothy Moore (age 53 when selected) failed a proficiency check on November 11, 2014, and was selected two years later for upgrade to Captain in the August 2016 selection process. (D.E. 48–8 at 1–2; D.E. 43–1 at 7.) Tom Hall was removed from Captain training in 2009 due to "situational awareness" issues but was selected for promotion to Captain in August 2014 and September 2014. (D.E. 48–9; D.E. 43–1 at 2–3.) These instances—whereby other First Officers experienced issues identical or similar to Bentley's performance issues but were selected for promotion nonetheless—could "permit a reasonable factfinder to conclude that the employer's proffered legitimate reasons were not what actually motivated its conduct..." *Combs*, 106 F.3d at 1538.

The Youngberg deposition testimony is especially compelling in supporting Bentley's pretext arguments. Youngberg testified that Bentley was a competent Captain before his medical issues. (D.E. 50–2 at 2.) Youngberg also testified that the management representatives never offered substantive explanations for their votes against Bentley's selection. (*Id.* at 6–9.) But, he testified that the PRB discussed Bentley's forthcoming retirement, which would occur when he turned 65 pursuant to FAA regulations. (*Id.* at 8.) This discussion necessarily invoked Bentley's age by implication. Youngberg also testified that he was aware of at least three Captains who had aircraft tail scrapings. (*Id.* at 3–5, 9.) None of these Captains were removed from their positions. (*Id.*) All of this testimony could reasonably support a conclusion that Miami Air's proffered, non-discriminatory reasons for refusing to promote Bentley were pretextual.

In sum, the evidence of (1) other First Officers' performance issues that did not exclude their selection for promotion and (2) Youngberg's testimony that Bentley was competent, that he should have been selected, present "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decision maker." *Smith*, 644 F.3d at 1328 (11th Cir. 2011) (internal quotation omitted). Based on the record, the Court finds that there is a genuine issue of material fact as to pretext. Accordingly, summary judgment is **DENIED** as to Counts I and II.

## IV. CONCLUSION

For the above-stated reasons, viewing the evidence in the light most favorable to Bentley, it is **ORDERED AND ADJUDGED** that Miami Air's Motion for Summary Judgment [D.E. 35] is **DENIED.**

DONE and ORDERED in Chambers in Miami, Florida, this 30th day of June, 2017.